**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 07-256-JBC**

**JOSHUA CROMER,**                                                                            **PLAINTIFF,**

**V.**                                    **MEMORANDUM OPINION AND ORDER**

**LEXINGTON-FAYETTE URBAN**
**COUNTY GOVERNMENT, ET AL.,**                                            **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the defendant's motion to dismiss.  DE 3.

The court, having reviewed the record, and being otherwise sufficiently advised,

will deny the motion but will hold this matter in abeyance pending the outcome of

related state-court proceedings.

**I.     Introduction**

This matter is an action for damages and injunctive relief under 42 U.S.C. §§

1983 and 1988 and the Fourteenth Amendment of the United States Constitution

as well as various state laws.  At issue is the dismissal of the plaintiff, Joshua

Cromer, from his position as a police officer with the Lexington-Fayette Urban

County Government ("LFUCG").  The defendants are LFUCG, the LFUCG Council,

Police Chief Anthany Beatty, Police Major Michael Bosse, and Police Lieutenant Ron

Compton.  DE 1, 2-3.

According to the complaint,[1] on or about February 16, 2006, the plaintiff arrested country music celebrity John Michael Montgomery on a charge of driving under the influence, possession of prescription narcotics without a prescription, and possession of a concealed weapon without a license.  The arrest attracted considerable media attention, which ultimately included coverage of postings regarding the arrest by the plaintiff on his webpage hosted by News Corporation, Inc.'s Myspace.com social networking website.  Bosse deemed the Myspace.com postings inappropriate, a complaint was filed against the plaintiff, and he was suspended from his police duties.  Between March 29, 2006, and September 19, 2006, the plaintiff was served with a series of complaints alleging misconduct signed by Bastin.  The plaintiff took approved leave under the Family Medical Leave Act ("FMLA") from July 20, 2006, until September 26, 2006.  According to the plaintiff, Bosse and Compton pressured him to resign while he was on leave and also suggested he would be liable to the department for over $30,000 in salary and training reimbursements if he were fired.  They also suggested to other officers that Cromer might be charged criminally.  The plaintiff also alleges multiple violations by the defendants of procedures provided for by state law.  DE 1, 2-5

Also according to the complaint, the plaintiff was locked inside a room and interrogated by Compton and Bosse.  After returning from FMLA leave on

---

[1] The court will take the plaintiff's factual allegations as true for purposes of this motion to dismiss.  *See Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint") (citation omitted).

September 26, 2006, the plaintiff was notified that he was still suspended from his police duties.  On or about October 10, 2006, the plaintiff was notified that he was suspended with pay; on November 8, 2006, he was suspended without pay; and, on February 20, 2007, he was recommended for termination.  The plaintiff then requested a hearing before the LFUCG Council, which was held on February 20, 2007, after which the LFUCG Council terminated him.  The Fayette Circuit Court denied the plaintiff's appeal of the LFUCG Council's decision on March 19, 2008, and he has now appealed to the Kentucky Court of Appeals.  DE 3-2; DE 3-3; DE 17-2.

The plaintiff filed this action on August 14, 2007.  He alleges multiple state-law torts and other statutory violations relating to improper disclosures of the investigation by the police department's Internal Affairs Division.  DE 1, 5-8.  In addition, the plaintiff alleges violations under 42 U.S.C. §§ 1983 and 1988.

**II.    Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson,* 335 U.S. 41, 47 (1957)).  In order to avoid a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff has an obligation to provide the grounds of his entitlement to relief, which requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do.  *Id.* at 1964-1965.  This does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974. When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  *Erickson,* 127 S.Ct. at 2200 (citing *Twombly*).

### III.    Analysis

The defendants move to dismiss this action on the grounds that a simultaneous, and allegedly parallel, state court action is underway and, therefore, this court should abstain from considering this case under the principles of comity and the abstention doctrines of *Younger v. Harris*, 401 U.S. 37 (1971) and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The defendants also assert sovereign immunity as grounds for dismissal of the state law claims.

#### A. *Younger* Abstention

The defendants argue that the *Younger* and *Colorado River* abstention doctrines require the dismissal of the present lawsuit because of the pending state court action by the plaintiff against the defendants.  "[T]hree considerations have emerged for determining whether abstention is appropriate" under the *Younger* doctrine: "(1) whether the underlying proceedings constitute ongoing state judicial proceedings, (2) whether the proceedings implicate important state interests, and

4

(3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). Moreover, "[w]here a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain and order the federal complaint dismissed." *Id.* While *Younger* was a case about criminal proceedings, the doctrine can apply to civil cases, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, (1975), and administrative proceedings. *See Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627-28 (1986). *See also Middlesex County Ethics Committee v. Garden State Bar Assoc.*, 457 U.S. 423, 434-35 (1982).

The court finds that all three of the *Younger* criteria apply here. First, for purposes of *Younger*, state proceedings are underway. *See Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) ("[W]hen determining whether state court proceedings involving the plaintiffs are pending, we look to see if the state court proceeding was pending at the time the federal complaint was filed. It remains pending until a litigant has exhausted his state appellate remedies.") (citation omitted). Second, the state-court action implicates important state interests, namely the disciplining of police officers. *See Ohio Civil Rights Com'n*, 477 U.S. at 627-28 (noting that *Younger* justifies abstention during administrative proceedings aimed at "the elimination of prohibited sex discrimination," which "is a sufficiently important state interest" so long as there is "an adequate opportunity to raise . . .

5

constitutional claims"). *See also Middlesex County Ethics Committee*, 457 U.S. at
434-35 (finding that attorney disciplinary proceedings "are of a character to
warrant federal-court deference" under *Younger* and implicate important state
interests because the ethics body sued is an agency of the Supreme Court of New
Jersey and the public and the judiciary have a significant interest in ensuring the
ethical conduct of attorneys).  Third, the federal constitutional claims can be raised
in the state proceedings.  *See Maine v. Thiboutot*, 488 U.S. 1, 11 (1980) (noting
that actions under 42 U.S.C. §§ 1983 and 1988 may be brought in state court).

The plaintiff contends that, because the state lawsuit was limited to an
administrative appeal of the decision by the LFUCG Council, the two suits
encompass "completely different causes of action" and states he did not raise in
state court the claims raised in this suit to avoid the "risk [of] confusion and undue
delay" and "a risk that the federal allegations would have taken a proverbial 'back
seat.'"  DE 12, 3.  Even if the two lawsuits are completely different, however,
nothing prevented the plaintiff from including in the state-court action all of the
claims asserted here.  Moreover, even though it appears the state-court action that
is on appeal does not presently contain the claims asserted in this action, the
plaintiff has not stated why he was unable to pursue the claims asserted here in the
state-court action.  As the Supreme Court has noted, "when a litigant has not
attempted to present his federal claims in related state-court proceedings, a federal
court should assume that state procedures will afford an adequate remedy, in the

absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

While the plaintiff explains extensively the limits of the state court's review of the appeal of the LFUCG Council's action, DE 12, 4-6, he does not explain why the state court could not have given a full hearing to the claims stated in the federal complaint, including those under 42 U.S.C. §§ 1983 and 1988. *See Blair v. City of Winchester*, 743 S.W.2d 28, 31-32 (Ky. Ct. App. 1987) ("That he included a separate complaint in his petition for appeal does not, we believe, take away from the appeal nor do the appellees explain how the appeal was in any way tainted by the complaint."). *See also* Kentucky Civil Rule 42.02 ("Separate trials"). Moreover, in a case in which a judgment debtor was held in contempt during state-court proceedings and subsequently became a plaintiff in a federal class action lawsuit seeking injunctive relief under 42 U.S.C. § 1983, *Juidice v. Vail*, 430 U.S. 327, 337 (1977), the Supreme Court explained that, where "it is abundantly clear that appellees had an opportunity to present their federal claims in the state proceedings[,] . . . [n]o more is required to invoke *Younger* abstention." *See also id.* n.14 ("The most propitious moment would have been at the hearing on the order to show cause.  Even after the order of contempt had been issued, a motion to vacate . . . was available, and it would have been possible to seek a stay or a temporary restraining order on the fine and commitment . . . .  Should the state courts ultimately have sustained the validity of the state statutory system,

7

appellees would have had final recourse, available as of right, to this court."
(citations omitted).).  Therefore, the court finds the *Younger* abstention doctrine
supports the dismissal of this case.

> **B.   *Colorado River* Abstention**

*Colorado River* abstention may apply as an alternative ground for abstention
even where *Younger* abstention does not.  *Colorado River*, 424 U.S. at 817.  As a
threshold matter, the court finds that the present case is "parallel" to the state-
court case for purposes of *Colorado River* abstention because "'the two
proceedings are substantially similar'" in that each arises from the plaintiff's
termination.  *See Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir.
1998) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  Eight
factors may be considered by a district court in determining whether abstention of
a "parallel" action is justified by considerations of "wise judicial administration":

> (1) If property is involved, which court first assumed jurisdiction over
> it.

> (2) The convenience of the federal forum to the parties.

> (3) Whether abstention would avoid "piecemeal litigation."

> (4) Whether the state or federal court first obtained jurisdiction.

> (5) Whether a decision on the merits would be based on federal law or
> state law.

> (6) Whether the state court proceedings are adequate to protect the

rights of the federal plaintiff.

(7) Which proceedings are more advanced.

(8) Whether concurrent jurisdiction is present or absent.

*Id.* at 818-19.  *See also United States v. Commonwealth of Kentucky*, 252 F.3d 816, 827 (6th Cir. 2001); *Romine*, 160 F.3d at 340-41.  The court must balance these factors, but they are not a "mechanical checklist," *Romine*, 160 F.3d at 341, and "[n]o one factor is necessarily determinative."  *Colorado River*, 424 U.S. at 818.

The parties agree the first two factors are neutral.  The weight of the remaining factors is in favor of abstention.  Abstention may avoid piecemeal litigation because the state court has the authority to hear all of the claims (including the federal claims); jurisdiction was obtained first by the state court; there is no reason the state court should not adequately protect the plaintiff's rights; the state court proceedings are more advanced; and the state court has concurrent jurisdiction.  Also, the majority of the claims at issue in this action are state claims, although the federal claims are not to be taken lightly.  Therefore, the court finds the balance of the *Colorado River* factors supports abstention.  Consequently, even if *Younger* abstention does not apply, *Colorado River* abstention does apply.

### C.    Dismissal and Stay

The plaintiff requests that the court "at the very least" hold the present

9

matter in abeyance pending the resolution of the action in state court.  DE 12, 7-9.
The plaintiff cites a similar case from the Covington Division wherein the court
found the doctrine of abstention applied and held in abeyance a case where a
terminated police officer had filed an appeal in state court and also filed an action
under 42 U.S.C. § 1983 in federal court.  *See* DE 12-2 (*Cole v. City Council of the
City of Florence, Kentucky, et al.*, No. 03-194 (E.D. Ky. Mar. 29, 2005)).  The
court finds persuasive the reasoning in *Cole*, in which the court decided to hold the
matter in abeyance pending the final resolution of the state-court action after
finding that abstention was proper under *Younger* and *Colorado River*.  Moreover,
the court is also cognizant that abstention "'is an extraordinary and narrow
exception to the duty of a District Court to adjudicate a controversy properly before
it.'"  *Colorado River*, 424 U.S. at 813 (citing *County of Allegheny v. Frank
Mashuda Co.*, 360 U.S. 185, 188-89 (1959)).  Consequently, instead of dismissing
this action, the court will hold it in abeyance pending the final resolution of the
state-court action.

**D. Sovereign Immunity**

Because the court has found abstention to be appropriate in this matter and
will hold this matter in abeyance pending the resolution of the proceedings in state
court, at this time it is unnecessary to address the defendants' sovereign-immunity
defense to some of the plaintiff's claims.

**IV.    Conclusion**

10

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss, DE 3, is **DENIED WITHOUT PREJUDICE**, but because abstention is proper under both *Younger* and *Colorado River*, this matter is **HELD IN ABEYANCE** pending the outcome of the proceedings in state court.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report with the court within twenty (20) days of the final resolution of the proceedings in state court.

Signed on  August 25, 2008



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY

11